UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
COURT MINUTES AND ORDER

| | |
|---|---|
| CHAPTER | 7 |
| DATE: | June 13, 2011 |
| JUDGE: | Margaret Dee McGarity |
| CASES: | Robert E. McCoy, Case No. 11-24652-MDM |
| | Monica Kennedy, Case No. 11-24247-MDM |
| | April Vaughn, Case No. 11-22612-MDM |
| | Melissa Heyn, Case No. 11-23489-MDM |
| : | Porchia Scroggins, Case No. 11-23768-MDM |
| | Patricia Randall, Case No. 11-28290-MDM |
| | Adrian Trzebiatowski, Case No. 11-27104-SVK |
| NATURE OF HEARING: | (1) United States Trustee's motion for order of civil contempt against Dawn Gomez Bess. |
| | (2) Hearing to show cause why Andrew Fromstein should not be held in contempt of court for failure to appear at May 23, 2011, hearing before the Court (in Case No. 11-22612). |
| APPEARANCES: | Debra Schneider, Trial Attorney for US Trustee |
| COURTROOM DEPUTY: | Kris Lucas |
| LAW CLERK: | Kris Trapp |
| TIME: | 6/13/2011, 1:09 pm - 4:02 pm |

Non-Appearance of Bankruptcy Petition Preparers.

Ms. Gomez Bess and Mr. Fromstein failed to appear for the hearing. Ms. Gomez Bess called the Court on June 10th and 13th and informed the judge's assistant that she would not be appearing at the hearing because she was going camping and requested to instead appear by telephone. Ms. Gomez Bess also sent a letter to the court requesting a later hearing date. *See* Correspondence filed June 10, 2011, in Cases 11-24652, 11-24247, 11-22612, 11-23489, 11-23789. At the instruction of the Court on the Friday before the hearing, the judicial assistant informed Ms. Gomez Bess she had been ordered to appear in person, and a telephone appearance was not acceptable. Ms. Gomez Bess stated neither she nor Mr. Fromstein would appear. Again, on the day of the hearing, Ms. Gomez Bess called and informed the judicial assistant she would not be appearing because she was camping and could not get a ride to court.

Testimony of Linda Saladin. Ms. Saladin, a paralegal specialist for the U.S. Trustee's Office, testified regarding the service of hearing notices and subpoenas upon Dawn Gomez Bess and Andrew Fromstein in Cases 11-24652, 11-24247, 11-22612, 11-23489, and 11-23768. The motion for civil contempt was mailed on May 16, 2011, and the notice of the hearing was mailed on May 20, 2011, to the office located at 9431 W. Beloit Road. Subpoenas for both Ms. Gomez Bess and Mr. Fromstein were mailed on May 24, 2011, to the same address. The subpoenas were not returned and Ms. Gomez Bess admitted service during a phone call with the U.S. Trustee's Office on June 10, 2011. The notices of hearing were returned from the post office. On May 27th the notices of hearing were re-mailed to different addresses discovered on Lexis. After Ms. Gomez Bess complained about service, the notices were again mailed to the Beloit Road and newly discovered addresses on June 10, 2011 (*see* filed certificates of service).

Given Ms. Gomez Bess' assertion to both the Court and to Ms. Saladin, the Court is satisfied that service was sufficient under the rules and the circumstances of the case, and both parties were aware of this Court's order for them to appear and were aware of the subpoenas commanding their appearance issued by the United States Trustee. Although neither the Court nor Ms. Saladin heard directly from Mr. Fromstein, and the fact that the two BPPs worked together and are related, the Court is satisfied that Ms. Gomez Bess' assertion that neither would appear indicates service on Mr. Fromstein is effective and sufficient. The Court finds both parties willfully and contemptuously refused to obey this Court's order to appear, and the matter will be referred to the District Court for prosecution for criminal contempt.

1

Evidence Relating to Alleged Violations of 11 U.S.C. § 110.

Testimony of Robert McCoy.   The debtor paid a woman who referred to herself as "Dee" $100 to prepare his bankruptcy petition and schedules, which were signed March 29, 2011 (Exhibits 1 & 1B).  The debtor first learned about Dee's services in the "Red Book."  When he met with her in 2011, Dee instructed the debtor to tell the court that he prepared his own petition and schedules.  In a previous case, no. 10-35072, Mr. McCoy paid a woman named "Dawn" $150 to prepare his petition and schedules (Exhibits 2 & 2A).  The woman who called herself Dee (and who helped him prepare the schedules in the second case) was able to obtain for the debtor copies of his schedules in his first case.  According to the debtor, Dawn and Dee have a strong familial resemblance and look almost identical.  According to the woman named "Dee," she reduced her preparation fee in the second case because she used the information in the previous case (Exhibit 3).  Although a young man was present at the office while the schedules in the second case were prepared and "Andrew Fromstein" purportedly signed a receipt of payment (Exhibit 1B), the debtor only interacted with Dee.  Both Dawn and Dee instructed the debtor to seek waivers of the filing fees (Exhibit 1A).  The debtor did not designate any of the exemption provisions on Schedule C; the applicable Code subsections were filled out by the petition preparer.  The petition preparer did not inform the debtor that she was enjoined from preparing petitions in the Eastern District of Wisconsin.

Testimony of April Vaughn.  Although the debtor's petition dated February 28, 2011, indicates that her schedules were prepared by Andrew Fromstein, she never met him.  The debtor only interacted with a woman named "Dawn" at a business on Beloit Road, whom she paid $179 to prepare her petition and schedules (Exhibit 4).  The debtor learned about the services offered by Dawn in the "Red Book."  Dawn instructed the debtor to file an application for waiver of the filing fee.  Dawn also explained to the debtor the difference between Chapter 7 Bankruptcy and Chapter 128 Receivership, possible secured debts, and exempt property.  The debtor did not select the applicable exemption Code sections on Schedule C. The petition preparer did not inform the debtor that she was enjoined from preparing petitions in the Eastern District of Wisconsin.

Testimony of Monica Kennedy.  Although the debtor's petition dated March 28, 2011, indicates that her schedules were prepared by Andrew Fromstein, she never met him.  The debtor used her child support funds to pay a woman named "Dee" $179 to help prepare her petition and schedules (Exhibit 5). Dee returned $25 to the debtor because the latter ran her own credit report.  The same woman also assisted the debtor's sisters, Crystal Toney and Rachel Kennedy, with the preparation of bankruptcy schedules at the same office on Beloit Road.  Dee suggested filing Chapter 128 or Chapter 13, and instructed the debtor to file an application to waive the filing fee.  The debtor did not designate the relevant Code subsections in any of the exemptions in Schedule C.  After repeatedly asking Dee to handle the matter, the debtor prepared her own mailing matrix.  The petition preparer did not inform the debtor that she was enjoined from preparing petitions in the Eastern District of Wisconsin.

Testimony of Melissa Heyn.  Although the debtor's petition dated March 25, 2011, indicates that her schedules were prepared by Andrew Fromstein, she never met him.  A woman named "Dee," whom the debtor discovered in the "Red Book," helped the debtor prepare her petition and schedules (Exhibit 6).  The debtor met with Dee at an office on Beloit Road.  Dee looked up the debtor's obligations and included only those debts listed on CCAP; several creditors are not listed on the schedules.  The debtor paid Dee $179 cash on March 5, 2011, and Dee signed Andrew Fromstein's name to a receipt (Exhibit 6A).  Dee advised the debtor to file chapter 7 bankruptcy in order to maintain utility service with WE Energies and avoid eviction.  Dee, not the debtor, listed the specific exemption Code subsections on Schedule C.  The petition preparer did not inform the debtor that she was enjoined from preparing petitions in the Eastern District of Wisconsin.

Testimony of Porchia Scroggins.  Although the debtor's petition dated March 22, 2011, (Exhibit 7) indicates that her schedules were prepared by Andrew Fromstein, she never met him.  A woman named "Bessie" stamped Andrew Fromstein's signature on the bankruptcy documents.  The debtor paid "Bessie" $150 cash on March 17, 2011, not $179 as indicated on the petition, because she was referred to Bessie by a friend who had also used the preparer's services, Cherisse Rodriquez (Exhibit 7A).  Bessie told the

2

debtor the owner of the business, an unnamed man, had to sign the documents. Bessie suggested the debtor file chapter 7 bankruptcy, ran the debtor's creditor report, and advised the debtor to receive credit counseling. The debtor did not select the applicable Code subsections on Schedule C. The petition preparer did not inform the debtor that she was enjoined from preparing petitions in the Eastern District of Wisconsin.

Testimony of Patricia Randall. The debtor had paid $125 and met with a woman named "Dee" to prepare her petition and schedules dated May 23, 2011, at an office located at 9431 W. Beloit Road (Exhibits 8 & 9). Some of the documents prepared by Dee listed the office address at 9131 W. Beloit Road. The debtor's daughter-in-law, Adrian Trzebiatowski, had previously used the same petition preparer. Dee gave the debtor a "receipt" with both "chapter 7" and "chapter 128" listed on it and endorsed by "The Preparers." The schedules provided by Dee were not filled out; the debtor was only provided with written instructions regarding a courthouse on 9th Street. A woman named "Christina" also spoke with the debtor regarding her paperwork. The debtor ultimately prepared her own petition and schedules. The petition preparer did not inform the debtor that she was enjoined from preparing petitions in the Eastern District of Wisconsin. There was no man present when the debtor met with the preparer.

Testimony of Adrian Trzebiatowski. The debtor paid a woman named "Dee" on Beloit Road $100 to assist her with maintaining utility services with WE Energies. A petition, but no schedules, was filed in Case No. 11-27104 (Exhibit 12). The debtor is currently on a Chapter 128 monthly payment plan, and she had a copy of an exhibit captioned "In the United States Chapter 128 Court for the Eastern District of Wisconsin." Dee told the debtor to not tell the bankruptcy court that Dee had prepared the petition and schedules. Dee also told the debtor she had another office in LaCrosse. A young blonde man in his late 20s took payment and another woman named Tammy was also present in the office. The petition preparer did not inform the debtor that she was enjoined from preparing petitions in the Eastern District of Wisconsin.

* * *

Court's Findings of Facts and Conclusions of Law.

Except as noted below in Cases 11-28290 and 11-27104, the Court finds the notices of the hearings provided by the U.S. Trustee and the Court were sufficient and the subpoenas were properly served. Both BPPs had adequate notice that they were required to appear, having also been served with subpoenas issued by the United States Trustee, and both willfully failed to appear without just cause or excuse. Ms. Gomez Bess was enjoined from filing bankruptcy cases as a petition preparer in the Eastern District of Wisconsin on October 19, 2010. *See* Court Minutes & Order dated October 21, 2010, Doc. No. 19, in Case No. 10-34729. Mr. Fromstein failed to appear before this Court at a hearing to show cause why he should not disgorge the petition preparer fees on May 23, 2011. *See* Court Minutes & Order dated May 26, 2011, Doc. No. 32, in Case No. 11-22612. As indicated above, both Ms. Gomez Bess and Mr. Fromstein are in contempt of court for their failure to appear at today's hearing without just cause or excuse, and the matter will be referred to the District Court for prosecution for criminal contempt.

The Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). The Code also requires all bankruptcy preparation services to provide their relevant personal identifying information on each bankruptcy filing. 11 U.S.C. § 110(b) & (c). Section 110(e) prohibits the petition preparer from giving legal advice of various kinds, including whether to file a petition, the appropriate chapter, exemptions, and bankruptcy procedural issues. 11 U.S.C. § 110(e). If the bankruptcy petition preparer violates section 110 or "commits any act that the court finds to be fraudulent, unfair, or deceptive," the court may grant a motion for an order requiring the preparer to pay the debtor actual damages plus statutory damages of $2,000 or twice the amount paid to the preparer, whichever is greater. 11 U.S.C. § 110(i). A preparer who violates various provisions of § 110 may be fined up to $500 for each separate violation, and the fine is tripled if the court finds that the preparer failed to identify the preparer in connection with a document to be filed. 11 U.S.C. § 110(l).

3

The United States Trustee presented only a few of the cases this Court is aware of where Ms. Gomez Bess and Mr. Fromstein collaborated in violating this Court's order enjoining Ms. Gomez Bess from acting as a bankruptcy petition preparer in cases filed in the Eastern District of Wisconsin. That order came about in October 2010 on account of her spectacularly poor performance as a BPP in case after case after case brought to the attention of this Court. Generally, the poor quality of her work came up at hearings for waiver of filing fees, when the debtors were almost universally unaware of the availability of installment fees or of standards for waiver. The applications were filed on her advice; not at the specific request of the debtors. These hearings, while frequently a waste of time for both debtors and the Court, were nevertheless informative with respect to the services being rendered by Ms. Gomez Bess. This Court was frequently informed of practices that bordered on (or even constituted) practicing law without a license and on spreading ignorance of the bankruptcy process, sometimes resulting in dismissal of a debtor's case for failure to follow bankruptcy requirements. Debtors indicated they were following her instructions, notwithstanding the rule that BPPs were only allowed to prepare schedules under the client's instructions. Frequently, debtors related frustration on not being able to get schedules when promised, telephone calls not being returned, and creditors being omitted even when they were disclosed to the preparer, and information such as rent obligations being disclosed but bearing no resemblance to what was told the preparer. The cumulative effect of such hearings convinced the Court that fraud and incompetence were part and parcel to a highly advertised scam aimed at a poor and unsophisticated segment of society.

After enjoining Ms. Gomez Bess as a petition preparer, the Court began to see a series of cases being brought that showed Andrew Fromstein as a BPP. Again, it was necessary to hold hearings, usually for a fee waiver request, and debtors reported seeing no man in the office, or if a man was around, they did not talk to him. They did, however, report talking to "Dawn" or even identifying her full name as Dawn Gomez Bess. In prior hearings and in letters to the Court, Mr. Fromstein claimed he typed the schedules, and Ms. Gomez Bess did the client interviews and took the money. Now that we have testimony from Ms. Scroggins that Ms. Gomez Bess used a rubber stamp of his signature (which appears to be true from the Court's visual inspection of several of his signatures), his claim as to the extent of his participation is incredible, at least with respect to many of the cases bearing his name.

All of the debtors who testified at the hearing on the U.S. Trustee's motion were credible. Even though Ms. Gomez Bess is clearly the instigating force in the enterprise that took money from these vulnerable people, after promising them good service and not delivering, all in violation of bankruptcy law and this Court's order, Mr. Fromstein clearly participated in this fraudulent enterprise. He was sometimes in the office, so he knew and consented to the use of his name and social security number on petitions and schedules when he was not the preparer. He consented to his name and signature, by use of a rubber stamp, in a fraud on this and other bankruptcy courts in this district and in a fraud on debtors who paid for services of the business in his name. He aided Ms. Gomez Bess – acting as her front man – in the continuation of her fraudulent enterprise, knowing she was enjoined from doing the very thing he was helping her to do. She is primarily culpable, so sanctions are ordered as to her in all cases; however, where there is evidence of his participation, he is also culpable.

Due to evidence that was brought to the U.S. Trustee's attention after orders and subpoenas for this hearing were sent out, sanctions will be postponed in the Randall and Trzebiatowski cases to allow Ms. Gomez Bess to appear and state any defenses she might have. Mr. Fromstein was not implicated in those cases. If she appears and presents a credible defense, further proceedings will be held. If not, the sanctions detailed below, plus further sanctions for failure to appear, will be imposed.

Based upon the findings of the Court, IT IS HEREBY ORDERED in *each* of the following cases:

Robert E. McCoy, Case No. 11-24652-MDM.
The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $100 fee paid by the debtor pursuant to section 110(h)(3)(A).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to

sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having offer a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

The bankruptcy petition preparer, Andrew Fromstein, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

Monica Kennedy, Case No. 11-24247-MDM.
The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $154 fee paid by the debtor pursuant to section 110(h)(3)(A).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having offer a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

The bankruptcy petition preparer, Andrew Fromstein, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

April Vaughn, Case No. 11-22612-MDM.
The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $179 fee paid by the debtor pursuant to section 110(h)(3)(A).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having offer a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

The bankruptcy petition preparer, Andrew Fromstein, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

Melissa Heyn, Case No. 11-23489-MDM.
The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $179 fee paid by the debtor pursuant to section 110(h)(3)(A).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having offer a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

The bankruptcy petition preparer, Andrew Fromstein, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

Porchia Scroggins, Case No. 11-23768-MDM.
The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $150 fee paid by the debtor pursuant to section 110(h)(3)(A).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having offer a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

The bankruptcy petition preparer, Andrew Fromstein, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

\*\*\*

Patricia Randall, Case No. 11-28290-MDM.
The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $125 fee paid by the debtor pursuant to section 110(h)(3)(A).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having offer a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

Having received insufficient notice of the potential assessment of fines and sanctions in Case No. 11-28290, Ms. Gomez Bess shall appear in person before this Court and present her position with respect to a defense to her actions in this case and show cause why the fines and sanctions should not be assessed on July 6, 2011, at 11:00 am, in Room 150 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee. Ms. Gomez Bess will *not* be permitted to appear by telephone. If allegations with respect to a defense are sufficient, further proceedings will be scheduled.

Adrian Trzebiatowski, Case No. 11-27104-SVK.
The fee received from the debtor having been found in excess of the value of any services rendered by the petition preparer, Dawn Gomez Bess shall immediately turn over to the bankruptcy trustee the $100 fee paid by the debtor pursuant to section 110(h)(3)(A).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to sign the document and print on the document the preparer's name and address as required by section 110(b)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having prepared a document for filing and failed to place on the document, after the preparer's signature, her social security number as required by section 110(c)(1), is fined $500 under section 110(l)(1).

The bankruptcy petition preparer, Dawn Gomez Bess, having offer a potential bankruptcy debtor legal advice in violation of section 110(e)(2)(A), is fined $500 under section 110(l)(1).

Having found the bankruptcy petition preparer, Dawn Gomez Bess, prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer, the amount of fines assessed under subsection (b), (c), and (e) shall be tripled pursuant to section 110(l)(2)(D), for a total of $4500 payable to the United States Trustee for the Eastern District of Wisconsin.

The bankruptcy petition preparer, Dawn Gomez Bess, having violated section 110 and committed acts found to be fraudulent, unfair, and deceptive, shall pay to the debtor $2,000 pursuant to section 110(i)(1).

Having received insufficient notice of the potential assessment of fines and sanctions in Case No. 11-27104, Ms. Gomez Bess shall appear in person before this Court and present her position with respect to a defense to her actions in this case and show cause why the fines and sanctions as indicated above should not be assessed on July 6, 2011, at 11:00 am, in Room 150 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee. Ms. Gomez Bess will *not* be permitted to appear by telephone. If allegations with respect to a defense are sufficient, further proceedings will be scheduled.

***

IT IS FURTHER ORDERED these factual findings are hereby Certified to the District Court for consideration of whether sanctions should be imposed upon Ms. Gomez Bess and Mr. Fromstein for criminal contempt.

The Clerk of Bankruptcy Court is DIRECTED to transmit to the District Court the record in connection with the above-named cases.

June 16, 2011

Margaret Dee McGarity
United States Bankruptcy Judge